UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

```
JONATHAN PALOZIE               :
                               :           PRISONER
     v.                        :    Case No. 3:06cv761(WWE)
                               :
B.A. BLEDSOE                   :
U.S.A. B.O.P.                  :
```

ORDER OF TRANSFER

The petitioner, Jonathan Palozie ("Palozie"), was sentenced in Connecticut and currently is confined at the United States Penitentiary in Marion, Illinois. He brings this petition pursuant to 28 U.S.C. § 2241 to challenge the computation of his sentence. For the reasons that follow, this case will be transferred to the United States District Court for the Southern District of Illinois.

Since the enactment of the Judiciary Act of 1789, the federal court in the district in which a prisoner is incarcerated has been authorized to issue a writ of habeas corpus if the prisoner was in custody under the authority of the United States. See Triestman v. United States, 124 F.3d 361, 373 (2d Cir. 1997). This authority is codified at 28 U.S.C. § 2241(c)(3). When Congress enacted 28 U.S.C. § 2255, it created an exception to this requirement for collateral attacks that are directed to the legality of the conviction or sentence. See id. Any challenge

to the execution of a federal sentence, such as "the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions," however, still must be filed in the district of incarceration.  See Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001) (citing Chambers v. United States, 106 F.3d 472, 474-75 (2d Cir. 1997)).

Palozie includes only one claim in his petition.  He does not challenge the legality of his federal conviction or sentence.  Rather, he contends that Bureau of Prisons officials have improperly computed his sentence by denying him jail credit.  Thus, his challenge relates to the execution of his sentence and must be filed in the Southern District of Illinois, the district where he is incarcerated.

Accordingly, the Clerk is directed to **TRANSFER** this case to the United States District Court for the Southern District of Illinois.  See 28 U.S.C. § 1406(a) (permitting a district court, in the interest of justice, to transfer a case to a district in which it could have been brought).

**SO ORDERED** this _25th_ day of May, 2006, at Bridgeport, Connecticut.

                                                       /s/

                                       Warren W. Eginton
                                       Senior United States District Judge